UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

GLENN ALLEN CORBETT,       )
                                    )
      Plaintiff           )
                                      )
    vs.                    )   Case No.  5:16-cv-01967-MHH
                                    )
STATE OF ALABAMA, et al.,      )
                                    )
      Defendants     )

## MEMORANDUM OPINION AND DISMISSAL ORDER

*Pro se* plaintiff Glenn Allen Corbett filed a complaint against defendants State of Alabama, the Madison County Sheriff's Department, and Robert Bentley. (Doc. 1). Mr. Corbett also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). For the reasons stated below, the Court has determined that it lacks subject matter jurisdiction over Mr. Corbett's lawsuit. Consequently, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). Therefore, "they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000). Generally speaking, a federal district court may exercise subject matter jurisdiction only where the action presents a federal

question or where the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331 & 1332. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE*, 236 F.3d 1292, 1299 (11th Cir. 2001).

The Court's examination of its subject matter jurisdiction in this case begins with Mr. Corbett's complaint. Mr. Corbett completed the form for a pro se general complaint in a civil case. (Doc. 1). On the form, Mr. Corbett checked a box alleging that a constitutional or federal question is the basis for federal court jurisdiction. (Doc. 1, p. 3). Mr. Corbett did not identify a federal statute or constitutional provision at issue in this case. (Doc. 1, p. 3). When asked to provide a statement of his claim, Mr. Corbett stated, 'I was arrested [o]n 26 July 2007 and now I am requesting public records of dash cam video of the arrest." (Doc. 1, p. 4). When asked to describe the relief he seeks, Mr. Corbett explained that he wants to obtain "records of [his] arrest including dash cam video." (Doc. 1, p. 4).

A district court must interpret *pro se* pleadings liberally, but it "may not serve as *de facto* counsel for a party . . . or rewrite an otherwise deficient pleading in order to sustain an action." *Ausar-El ex rel. Small*, *Jr. v. BAC (Bank of*

2

*America) Home Loans Servicing LP*, 448 Fed. Appx. 1, 2 (11th Cir. 2011) (internal quotations and citations omitted). Though it has tried, the Court cannot identify a claim that arises under the United States Constitution or federal law. The Court has located no federal statutory or constitutional right to obtain a dash cam video.[1] Therefore, the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Moreover, the Court finds no basis for diversity of citizenship jurisdiction. "[I]t is well established that a state is not a citizen of a state for the purpose of diversity jurisdiction under 28 U.S.C. § 1332." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999) (citing *Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973)). Therefore, the State of Alabama is not a citizen for purposes of diversity of citizenship jurisdiction. In addition, Governor Bentley is an Alabama citizen as is Mr. Corbett. (*See* Doc. 1, p. 3). Accordingly, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.").

Because the Court does not have subject matter jurisdiction over this action, it cannot hear and decide the case. *See Morrison*, 228 F.3d at 1265 ("[F]ederal

---

[1] This is not an action arising under the Freedom of Information Act, 5 U.S.C. § 552, because FOIA gives individuals the right to access information from the federal government agencies, and local police records are not federal public records. Mr. Corbett may have a cause of action under the Alabama Open Records Act**Error! Main Document Only.**, Ala. Code § 36-12-40, but this Court does not have jurisdiction over a claim alleging a violation of Alabama's Open Records Act.

courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.").

Accordingly, the Court dismisses this action without prejudice and denies Mr. Corbett's motion to proceed *in forma pauperis*. The Court asks the Clerk to please close the file.

**DONE** and **ORDERED** this April 7, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE